VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
Marc A. Tenenbaum, Esq.

*Counsel for Dr. Gerald Finkel,*
*as Chairmanof the Joint Industry*
*Board of the Electrical Industry*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re:                                              :       Chapter 7
                                                    :
VINCENT FISCHETTI                                   :       Case No. 19-36092-cgm
and LINDA FISCHETTI,                                :
                                                    :
                          Debtors.                  :
---------------------------------------------------------x
DR. GERALD FINKEL, as Chairman of the               :
Joint Industry Board of the Electrical Industry,    :       Adv. Pro. No. 19-_____
                                                    :
                          Plaintiff,                :
                                                    :
            -against-                               :
                                                    :
VINCENT FISCHETTI,                                  :
                                                    :
                          Defendant.                :
---------------------------------------------------------x

**COMPLAINT TO DETERMINE THAT**
**SPECIFIED DEBT IS NONDISCHARGEABLE**

Plaintiff, Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry, by and through the undersigned counsel, as and for his Complaint against Defendant Vincent Fischetti, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is an action under section 523(c) of the Bankruptcy Code, 11 U.S.C. § 523(c), to determine that a specified debt is nondischargeable on the ground that

Defendant committed "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," within the meaning of section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

2.  Defendant owned and operated an electrical contracting company that withheld money from its employees' wages for the express purpose of making employee contributions to a section 401(k) savings plan, but Defendant caused or permitted these assets to be used for other purposes. By causing or permitting the diversion of these assets of the 401(k) plan, Defendant deprived his company's employees of the use of their own money for their own retirement. Defendant thereby breached his fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461, and incurred a nondischargeable debt under section 523(a)(4) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 29 U.S.C. § 1132(e)(1) and (f). This adversary proceeding relates to the above-captioned case under Chapter 7 of the Bankruptcy Code, which is pending in the United States Bankruptcy Court for the Southern District of New York. Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court.

4.  Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2), 1408, and 1409(a), and 29 U.S.C. § 1132(e)(2).

## PARTIES

5.  Plaintiff, Dr. Gerald Finkel, is the Chairman of the Joint Industry Board of the Electrical Industry (the "Joint Industry Board"). The Joint Industry Board maintains

its principal place of business at 158-11 Harry Van Arsdale Jr. Avenue, Flushing, New York 11365.

6. Defendant Vincent Fischetti is an individual who resides at 430 Barrett Hill Road, Mahopac, New York 10541. Defendant and his wife are the debtors in the above-captioned main case.

## GENERAL ALLEGATIONS

7. The Joint Industry Board is the administrator of various employee benefit plans, including the Deferred Salary Plan of the Electrical Industry (the "DSP"), established and maintained pursuant to collective bargaining agreements between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO (the "Union") and employer associations and independent or unaffiliated employers in the electrical, elevator, sign, television, burglar alarm and other related industries.

8. Eastern Electric Corp. of NY ("Eastern") is, and at relevant times was, a corporation organized under the laws of the State of New York. At relevant times, Eastern was engaged in the electrical contracting business in the New York metropolitan area. At relevant times, as a member of a signatory association, Eastern was bound by a collective bargaining agreement between the Union and the New York Electrical Contractors Association, Inc. and the Association of Electrical Contractors, Inc. covering the period May 11, 2016 through April 10, 2019 (the "CBA").

9. At relevant times, Eastern was an "employer" within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5).

10. The DSP is an employee pension benefit plan within the meaning of section 3(2) of ERISA, 29 U.S.C. §§ 1002(2); an employee benefit plan within the

meaning of section 3(3) of ERISA, 29 U.S.C. §§ 1002(3); and a multiemployer plan within the meaning of section 3(37) of ERISA, 29 U.S.C. §§ 1002(37).

11. The Joint Industry Board is the "administrator" of the DSP within the meaning of section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A) and a "fiduciary" of the DSP within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

12. Plaintiff, as Chairman of the Joint Industry Board, is a "fiduciary" of the DSP within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and is authorized to bring this action on the DSP's behalf.

13. The DSP is a tax-qualified profit-sharing plan with a cash or deferred arrangement within the meaning of section 401(k) of the Internal Revenue Code, 26 U.S.C. § 401(k).

14. The Joint Industry Board and the DSP are intended third-party beneficiaries of the CBA. Pursuant to the CBA, employers are required to deduct a specified percentage from the weekly wages of each eligible employee and to remit such amounts, plus any additional salary deferrals made at the election of the employee (together, "Employee Contributions") to the DSP, along with related payroll reports. The Employee Contributions are employee-elective contributions that, but for the salary deferrals, would have been paid to the employees as wages.

15. Employers are required to send all Employee Contributions and related payroll data to the DSP in care of Prudential Financial, Inc. ("Prudential"), the third-party record-keeper and investment manager retained by the Joint Industry Board for such purposes. All Employee Contributions are allocated to individual accounts in the names of the covered employees, who are entitled to direct the investment of the Employee

Contributions from among various investment alternatives selected by the Joint Industry Board in conjunction with Prudential.

16. During each week from May 4 through June 28, 2017, Eastern employed individuals who performed work covered by the CBA.

17. For each week from May 4 through June 28, 2017, Eastern paid wages to those employees.

18. For each week from May 4 through June 28, 2017, Eastern was required to withhold Employee Contributions from its employees' wages and to remit them to the DSP.

19. For May 4 through June 28, 2017, Eastern withhheld Employee Contributions in the amount of at least $14,798.82 from its employees' wages but failed to remit any of these Employee Contributions to the DSP.

20. Shortly thereafter, Eastern ceased business operations.

21. Defendant is, and at relevant times was, an officer, director, managing executive and/or principal shareholder of Eastern.

22. At relevant times, Defendant exercised authority and control over money and other property in the possession of Eastern, including Employee Contributions to the DSP that Eastern withheld from its employees' wages.

23. Defendant failed to cause Eastern to turn these assets over to the DSP. Instead, Defendant used these assets, or caused or permitted Eastern to use these assets, for other personal or business purposes.

## FIRST CLAIM FOR RELIEF

24. Plaintiff repeats the allegations set forth in paragraphs 1-23 above and incorporates them herein by reference.

25. Pursuant to ERISA and the regulations thereunder, including 29 C.F.R. § 2510.3-102, the Employee Contributions that Eastern withheld from its employees' wages constituted "assets" of the DSP.

26. Defendant controlled these assets and was therefore a "fiduciary" of the DSP within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

27. By the foregoing acts and omissions, Defendant failed to discharge his fiduciary duties solely in the interest of the DSP's participants and their beneficiaries, as required by 29 U.S.C. § 1104(a)(1). Defendant thereby committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, within the meaning of 11 U.S.C. § 523(a)(4).

28. Consequently, pursuant to 11 U.S.C. § 523(a)(4) and 29 U.S.C. § 1109(a), Defendant owes the DSP a nondischargeable debt in the amount of $14,798.82, plus interest or lost earnings thereon.

## SECOND CLAIM FOR RELIEF

29. Plaintiff repeats the allegations set forth in paragraphs 1-28 above and incorporates them herein by reference.

30. By the foregoing acts and omissions, Defendant failed to act for the exclusive purpose of providing benefits to the DSP's participants and beneficiaries and defraying reasonable expenses of administering the DSP, as required by 29 U.S.C.

§ 1104(a)(1)(A). Defendant thereby committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, within the meaning of 11 U.S.C. § 523(a)(4).

31. Consequently, pursuant to 11 U.S.C. § 523(a)(4) and 29 U.S.C. § 1109(a), Defendant owes the DSP a nondischargeable debt in the amount of $14,798.82, plus interest or lost earnings thereon.

### THIRD CLAIM FOR RELIEF

32. Plaintiff repeats the allegations set forth in paragraphs 1-31 above and incorporates them herein by reference.

33. By the foregoing acts and omissions, Defendant failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, as required by 29 U.S.C. § 1104(a)(1)(B). Defendant thereby committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, within the meaning of 11 U.S.C. § 523(a)(4).

34. Consequently, pursuant to 11 U.S.C. § 523(a)(4) and 29 U.S.C. § 1109(a), Defendant owes the DSP a nondischargeable debt in the amount of $14,798.82, plus interest or lost earnings thereon.

### FOURTH CLAIM FOR RELIEF

35. Plaintiff repeats the allegations set forth in paragraphs 1-34 above and incorporates them herein by reference.

36. At relevant times, Defendant and Eastern were "parties in interest" with respect to the DSP within the meaning of section 3(14) of ERISA, 29 U.S.C. § 1002(14).

37. By the foregoing acts and omissions, Defendant caused the DSP to enter into a transaction that he knew or should have known constituted a direct or indirect transfer of the DSP's assets to a party in interest, in contravention of 29 U.S.C. § 1106(a)(1)(D). Defendant thereby committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, within the meaning of 11 U.S.C. § 523(a)(4).

38. Consequently, pursuant to 11 U.S.C. § 523(a)(4) and 29 U.S.C. § 1109(a), Defendant owes the DSP a nondischargeable debt in the amount of $14,798.82, plus interest or lost earnings thereon.

## FIFTH CLAIM FOR RELIEF

39. Plaintiff repeats the allegations set forth in paragraphs 1-38 above and incorporates them herein by reference.

40. By the foregoing acts and omissions, Defendant dealt with the DSP's assets in his own interests and for his own account, in contravention of 29 U.S.C. § 1106(b)(1). Defendant thereby committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, within the meaning of 11 U.S.C. § 523(a)(4).

41. Consequently, pursuant to 11 U.S.C. § 523(a)(4) and 29 U.S.C. § 1109(a), Defendant owes the DSP a nondischargeable debt in the amount of $14,798.82, plus interest or lost earnings thereon.

**SIXTH CLAIM FOR RELIEF**

42. Plaintiff repeats the allegations set forth in paragraphs 1-41 above and incorporates them herein by reference.

43. At relevant times, Eastern's interests were adverse to the DSP's interests.

44. At relevant times, Defendant's interests were adverse to the DSP's interests.

45. By the foregoing acts and omissions, Defendant acted in transactions involving the DSP on behalf of one or more parties whose interests were adverse to the interests of the DSP and the interests of its participants and beneficiaries, in contravention of 29 U.S.C. § 1106(b)(2). Defendant thereby committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, within the meaning of 11 U.S.C. § 523(a)(4).

46. Consequently, pursuant to 11 U.S.C. § 523(a)(4) and 29 U.S.C. § 1109(a), Defendant owes the DSP a nondischargeable debt in the amount of $14,798.82, plus interest or lost earnings thereon.

**SEVENTH CLAIM FOR RELIEF**

47. Plaintiff repeats the allegations set forth in paragraphs 1-46 above and incorporates them herein by reference.

48. By the foregoing acts and omissions, Defendant received consideration for his own personal account from one or more parties dealing with the DSP in connection with transactions involving the DSP's assets, in contravention of 29 U.S.C. § 1106(b)(3). Defendant thereby committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, within the meaning of 11 U.S.C. § 523(a)(4).

49. Consequently, pursuant to 11 U.S.C. § 523(a)(4) and 29 U.S.C. § 1109(a), Defendant owes the DSP a nondischargeable debt in the amount of $14,798.82, plus interest or lost earnings thereon.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Render judgment against Defendant for a nondischargeable debt to the DSP in the amount of $14,798.82, plus interest or lost earnings thereon;

(2) Award Plaintiff the reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

(3) Award Plaintiff such further legal, equitable, or other relief as is just and proper.

Dated: New York, New York  
October 1, 2019

Respecfully submitted,

VIRGINIA & AMBINDER, LLP

By: /s/ *Marc A. Tenenbaum* _  
Marc A. Tenenbaum  
40 Broad Street, 7th Floor  
New York, New York 10004  
(212) 943-9080

*Counsel for Plaintiff Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry*